*In re* ADOPTION OF GARY WAYNE HURLEY *et al.* (Alice Hurley, Petitioner-Appellant, *v.* Mary Pedigo *et al.*, Respondents-Appellees.)

Fifth District   No. 82—214

Opinion filed June 10, 1983.

Jona Goldschmidt, of Carbondale, for appellant.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Edward L. Choate, of Carterville, for other appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Alice Hurley, petitioned the circuit court of Williamson County for an order directing the circuit clerk to disclose to petitioner the juvenile records relating to her minor children, Gary Wayne Hurley and Dawn Renee Hurley. Petitioner appeals from the trial court's order denying her prayer for relief.

On August 13, 1981, petitioner filed a "Motion For Disclosure of

Adoption Records" and alleged that the adoption of her children was accomplished without due process of law. A hearing on this matter was held on September 1, 1981, with only petitioner and her attorney present at that time. Petitioner testified that she was the mother of Gary and Dawn Hurley and that she had last seen her children in 1978. Petitioner said she had a drug problem sometime around 1976 and that she had been hospitalized for this problem. Petitioner recalled signing a "voluntary placement order" in 1976 which she believed was for the purpose of legalizing a temporary custodial arrangement placing her children in a foster home until she could resolve her drug problem. Petitioner said that she attempted to contact her children by mail twice but was unsuccessful. Petitioner further testified that she received no notice regarding her children's adoption and that she first learned of the adoption when her former employer at the Illinois Department of Children and Family Services had written her a letter informing her that the children had been adopted.

At the conclusion of petitioner's testimony, her counsel moved to amend the pleading in order to request the trial court to issue an order directing disclosure of juvenile proceeding No. 73-J-31, entitled In the Interest of Gary and Dawn Hurley, and further requested that the trial court take judicial notice of this proceeding. Both motions were granted.

Petitioner filed an "Amended Motion for Disclosure of Court Records" and on March 18, 1982, another hearing was had. At this hearing, the adoptive parents of petitioner's children appeared by counsel, the assistant public defender appeared as guardian *ad litem* for the children, and the assistant State's Attorney appeared on behalf of the State. Petitioner's testimony at this hearing was similar to her testimony at the previous hearing. In addition, petitioner stated, on cross-examination, that she had no memory of when her children had resided with her on the last occasion or whether she had been in court regarding juvenile proceeding No. 73-J-31. Petitioner explained that it was because of her drug problem that her memory was impaired.

Petitioner's attorney argued that in light of petitioner's loss of memory regarding notice of the juvenile proceeding, the juvenile file should be opened so that petitioner could determine if her parental rights were lawfully terminated. The State and the attorney for the children's adoptive parents argued that under section 2—10(2) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 702—10(2)), petitioner was precluded from having the record unsealed unless the trial court could find "that unsealing the record will not adversely effect

any party to the original proceeding or be contrary to the purposes and policy of the Juvenile Court Act." Ill. Rev. Stat. 1981, ch. 37, par. 702—10(2).

On March 31, 1982, the trial court entered the following order from which petitioner appeals:

"THIS case having come on for hearing for determination as to whether or not a juvenile record, 73-J-31, should be opened for examination by Jona Goldschmidt, Attorney for Alice Hurley, and evidence having been heard, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the petitioner has not shown that granting of disclosure will not adversely affect the parties to 73-J-31.

2. That the lack of memory on the petitioner's part is her only real basis of complaint, and that no evidence of neglect of the Court or the Clerk of the Court in giving of notice has been shown nor has there been an allegation of neglect of the Court or the Clerk of the Court. A lack of memory is not enough to open the case.

3. The best interests of the children is the polestar of the Juvenile Court Act, and stability of the children's lives is the primary concern and influence in the Court's decision, and it is the Court's decision that reopening this case would be disruptive to the children.

4. The 'Latches-like Behavior' [sic] of the petitioner, being that petitioner has waited for over three (3) years to bring this suit, and that an opening would be disruptive and disturbing to the children, is a further consideration."

■ At the request of the State, the trial court applied the following statute in reaching its decision in the case at bar:

"The official court file and other files containing any memorandum or report and any transcript of testimony in proceedings under this Act shall be sealed 3 years after a minor's last involvement with the court or upon the minor's attaining the age of 21, whichever comes later, provided there are no petitions pending or the minor is not under a commitment order. This subsection (2) does not apply if the minor is adjudicated a delinquent based on an act which, if committed by an adult, would constitute murder, rape, deviate sexual assault, armed violence, voluntary manslaughter, armed robbery, or aggravated arson. A juvenile court record sealed under this Section shall not thereafter be unsealed without a court hearing with notice to all parties to the original proceeding. After such hearing the

record shall remain sealed unless the court finds that unsealing the record will not adversely effect any party to the original proceeding or be contrary to the purposes and policy of the Juvenile Court Act." (Ill. Rev. Stat. 1981, ch. 37, par. 702—10(2).) It is obvious from the language of the statute that a juvenile proceeding would not be sealed until the minors involved have attained the age of 21 years. While the record does not explicitly state the ages of the children in the instant case, the fact that they were represented by a guardian *ad litem* conclusively establishes that they were under 21 years of age. (See Ill. Rev. Stat. 1981, ch. 37, pars. 704—5, 702—3, 702—4, and 702—5.) This being the case, section 2—10(2) of the Juvenile Court Act does not require that the file be sealed; consequently, the trial court erroneously applied such statute as a basis for denying petitioner's motion for disclosure.

■ We next must consider whether the trial court erred in determining that petitioner's "Latches-like Behavior" precluded her from obtaining access to such juvenile proceedings. We conclude that the court's order was erroneous. While, as counsel for the adoptive parents points out on appeal, *laches* may bar a natural parent from obtaining a vacation of adoption orders (*Rodriguez v. Koschny* (1978), 57 Ill. App. 3d 355, 360-61, 373 N.E.2d 47, 51-52), the petitioner expressly has a right to examine pertinent juvenile court files. Section 2—10(1) of the Juvenile Court Act (Ill. Rev. Stat. 1981, par. 702—10(1)) specifies that with certain exceptions not applicable to the case at bar, "the official court file and other files containing any memorandum or report and any transcript of testimony in proceedings under this [the Juvenile Court] Act shall be impounded and shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of court. ***" Petitioner, who was the mother of the minors and who contends that she was improperly deprived of her parental rights, unquestionably is a "properly interested person" and should be given access to the impounded files. We conclude, therefore, that the trial court erred in denying petitioner access to the files in cause No. 73-J-31.

For the reasons stated above, the judgment of the circuit court of Williamson County is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

HARRISON, P.J., and WELCH, J., concur.